

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Azkour v. Aria

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Azkour v. Aria" (2009). *2009 Decisions.* Paper 1335.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1335

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3133

HICHAM AZKOUR,
                                            Appellant

v.

LOIS ARIA, in her individual capacity;
GAETANO GREGORY, in his individual capacity;
ANASTASIO STAMATIOU; ALEXANDROS STAMATIOU;
FRANCIS X. DORRITY; HAMDI M. RIFAI

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-07-cv-01568)
District Judge:  Honorable Katherine S. Hayden

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2009

Before: MCKEE, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2009)

OPINION

PER CURIAM

    Hicham Azkour, proceeding <u>pro</u> <u>se</u>, appeals from the District Court's dismissal of

his complaint pursuant to Federal Rule of Civil Procedure 37(b).  For the reasons that

follow, we will affirm.

On April 4, 2007, Azkour filed a complaint in the United States District Court for the District of New Jersey, naming as defendants Hudson County Prosecutor's Office Detective Lois Aria, First Assistant Prosecutor Gaetano Gregory, Anastasio and Alexandros Stamitous, and attorneys Hamdi Rafi and Francis Dorrity. He alleged that defendants violated his rights under the 14th Amendment and 42 U.S.C. §§ 1981, 1983, 1985, 1986 & 3617. Defendants answered the complaint and filed discovery requests pursuant to Rule 26 of the Federal Rules of Civil Procedure.

In the interim, Azkour filed a number of motions, including a motion to amend his complaint to, among other things, add as defendants the City of Jersey City, the Jersey City Police Department and a number of individual police officers, and include claims of malicious prosecution and false arrest and imprisonment. The Magistrate Judge denied Azkour's motion to amend pending his production of proof: (i) that the complaint against the Jersey City police officers filed in New Jersey Superior Court had been dismissed without prejudice, and (ii) that Dorrity had acted as a municipal prosecutor or private prosecutor under New Jersey state law. Azkour appealed to the District Court on August 27, 2007. On October 18, 2007, he moved to stay all proceedings pending the District Court's review of his appeal. The Magistrate Judge denied his stay motion, and on November 7, 2007, he appealed that decision to the District Court. After the Magistrate Judge denied a renewed motion by Azkour to stay the proceedings pending resolution of his appeal, he appealed to this Court, which dismissed the appeal for lack of jurisdiction,

2

and denied his motion to stay the District Court proceedings as moot, noting in addition that the motion was without merit, because "among other reasons, appellant will suffer no conceivable prejudice from serving his initial disclosures on the basis of whatever information might currently be available to him." C.A. No. 08-1020 (Apr. 9, 2008).

While Azkour was prosecuting these various appeals, the Magistrate Judge issued at least eight separate discovery orders between August 17, 2007 and March 3, 2008, setting out deadlines for Rule 26 disclosures, signed medical release forms, responses to interrogatories, and the production of documents. Included in many of these orders was a warning that failure to comply with the court's discovery deadlines might result in the imposition of sanctions, including a recommendation that the District Court dismiss the complaint, particularly in light of the absence of any explanation for Azkour's failure to respond to any of the court's orders, and because his failure to do so was hindering the defendants' ability to respond to his allegations. On March 3, 2008, the Magistrate Judge issued a final Report & Recommendation, applying the factors set out in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), and recommending that Azkour's complaint be dismissed pursuant to Federal Rule of Civil Procedure 37(b) for failure to comply with the Court's discovery orders. Following a de novo review of the Magistrate Judge's Report & Recommendation, the District Court entered an order dismissing Azkour's complaint. Azkour appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to prosecute for abuse of discretion. In re Jewelcor Inc., 11 F.3d 394,

3

397 (3d Cir. 1993). Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action should a party fail to obey an order to provide or permit discovery. In assessing the propriety of such an action, we have stated that:

> we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984). Additionally, we have held that complete satisfaction of each Poulis factor is not required to justify the sanction of dismissal. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). "Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court – a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted." Id.

In his appeal brief, Azkour claims that the District Court abused its discretion in adopting the Magistrate Judge's Report & Recommendation without considering his "Letter/Informal Application Addressed to the Honorable Katharine S. Hayden, United States District Judge," which was filed on March 25, 2008, approximately one week *before* the Magistrate Judge's Report & Recommendation was entered. According to Azkour, this document could not be construed as anything but objections to the Report &

4

Recommendation and, therefore, the District Court erred in stating that Azkour did not object to the Report & Recommendation. Much like his appeal brief, Azkour's "objections" are addressed primarily to the merits of his motion to amend his complaint, and do not address the propriety of dismissal as a sanction for his refusal to comply with the Magistrate Judge's discovery directives. Rather, he argues that he should not have had to comply with those directives while his appeal to the District Court of the Magistrate Judge's denial of his motion to amend his complaint was pending. He maintains that he could not have responded to the court's discovery orders prior to receiving a ruling on his appeal because "any initial evidence that he would provide to respondents, per Fed. R. Civ. P. 26, would compromise and hurt his case." (Appellant's Br. 7-8.) He further claims that "[b]ecause the district judge has not ruled on Petitioner's appeals to amend his Complaint and the discovery material remains contingent upon his amended claims and the not-yet-named defendants, Petitioner was not able to abide by Fed. R. Civ. P. 26." (Appellant's Br. 9.)

We reject Azkour's arguments on appeal. The management of its docket is committed to the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Azkour may not withhold discovery responses and blatantly violate multiple court orders simply because he prefers that the District Court act on all of his motions first. Our review of the Poulis factors makes it clear that the District Court acted well within its discretion in dismissing the underlying complaint. Any delay or failure to follow the Court's orders was directly attributable to Azkour, as

5

he was representing himself pro se. As the District Court noted, Appellees were prejudiced by Azkour's delay and his failure to comply with the Court's discovery and scheduling orders. Azkour's refusal to respond to any of Appellees' discovery requests precluded them from investigating and meaningfully responding to the allegations contained in the complaint. Furthermore, as detailed in footnote 1 of the Magistrate Judge's Report & Recommendation, Azkour's refusal to participate in discovery and to follow court orders was ongoing and without justification. Finally, the Court concluded that based upon Azkour's history, no sanction other than dismissal would be appropriate. The Court held in particular that it could not have imposed monetary sanctions on Azkour as he was proceeding in forma pauperis. Given Azkour's history of noncompliance and the ample opportunities provided to him by the District Court to rectify his behavior, we cannot say that the District Court abused its discretion in dismissing his complaint.

Based on the foregoing, we will affirm the judgment of the District Court. Appellee Dorrity's motion for leave to file a supplemental appendix, construed by the Clerk's office as a motion to file an addendum and for leave to expand the record, is granted.